AARON H. GOODWIN and others, appellants, *vs.* COUNTY COMMISSIONERS of SAGADAHOC COUNTY.

*Town-way—jurisdiction of county commissioners to lay out,—how want of to be taken advantage of.*

To confer on the county commissioners jurisdiction of the laying out of a town-way leading from land under improvement to a town or highway, founded upon the unreasonable refusal of the municipal officers, the petition to the commissioners must distinctly set out all the jurisdictional facts, and among them that the refusal on the part of the municipal officers was 'unreasonable.'

And the want of jurisdiction of the commissioners resulting from the omission of such an allegation, may be taken advantage of in the supreme judicial court when the report of the committee of appeal from the decision of the county commissioners comes up for acceptance; and the proceedings may be quashed.

ON EXCEPTIONS.

At a court of county commissioners for the county of Sagadahoc, on the first Tuesday of March, 1871, held by adjournment on the second Tuesday of May, 1871, a petition, signed by Aaron H. Goodwin and twenty-four others, was entered, alleging—'that a town-way from or near the residence and land under the improvement of Charles L. Doughty and Aaron H. Goodwin, to the river

road leading from Lisbon to Topsham village, in said town, would be of great public convenience ; that the selectmen of said towns, after notice and petition being presented to them, refused to act on said petition, but recommend said petitioners to petition ' the county commissioners. ' Wherefore,' the petitioners prayed that the county commissioners ' would, agreeably to law, lay out said town-way.'

Thereupon, the commissioners ordered notice upon the petition ; and afterwards, pursuant to the notice, met the parties, viewed the route and roads connected therewith, heard the parties, and at their July term, 1871, adjudged and determined ' That common convenience and necessity do not require the establishing of the road prayed for in the foregoing petition.' Thereupon Aaron H. Goodwin and Charles L. Doughty appealed from the decision of the county commissioners to the succeeding August term of the supreme judicial court for the county of Sagadahoc, which appeal was duly entered at the August term of the appellate court, when J. L. Swift, Lemuel H. Storer, and Charles C. Humphreys were appointed a committee, who, upon due notice, viewed the premises, heard the parties, and made their report to the April term, 1872, of the supreme judicial court, reciting therein

' That the judgment of the county commissioners, in refusing to lay out a way as prayed for, ought to be reversed in whole ; that public convenience and necessity do require that a town-way, as prayed for, be laid out by the county commissioners over the route viewed by the committee, three rods wide.' Then followed the several courses and distances of the proposed road. The report was signed by two only of the committee.

At the April term, 1872, the inhabitants of Topsham appeared by their attorney, and filed a motion that the report be set aside, and that the petition and all proceedings thereunder be quashed,

1. Because neither the county commissioners nor this court had, or has any jurisdiction of the matter embraced therein ; and . . .

14. Because there has been no adjudication that the municipal officers of Topsham ' unreasonably refused ' to lay out the way prayed for.

The presiding judge ruled the objections well taken, and rejected the report of the committee ; and the appellants alleged exceptions.

*H. Orr*, for the appellants, contended

That the objection to the jurisdiction came too late, and cited *Brunswick* v. *Co. Com. of Cumb. Co.*, 37 Maine, 446 ; and that *Small* v. *Pennell*, 31 Maine, 267, was between persons not parties to the record—collateral parties—and not applicable to this case, which is between the immediate parties.

*W. Gilbert*, for the respondents.

WALTON, J. When the municipal officers of a town unreasonably neglect or refuse to lay out or alter a town-way, or a private way, on petition of an inhabitant, or of an owner of land therein for a way leading from such land under improvement to a town or highway, the petitioner may, within one year thereafter, present a petition stating the facts to the commissioners of the county at a regular session, who are to give notice thereof to all interested, and act thereon as is provided respecting highways. When their decision is returned and recorded, parties interested have the same right to appeal to the supreme judicial court, and also to have their damages estimated by a committee or jury as is provided respecting highways. R. S., c. 18, § 23.

It is well settled that the petition to the county commissioners must state directly such facts as are necessary to give them jurisdiction. Nothing can be left to inference. Whatever is necessary to give the county commissioners jurisdiction of the case, must be stated clearly and distinctly.

In *Pownal* v. *Co. Com.*, 8 Maine, 271, it was held that on an application to the county commissioners to lay out a town road, in the nature of an appeal, founded on the unreasonable refusal of the selectmen, the unreasonableness of their refusal should be adjudged by the commissioners, and entered of record, as the foundation of their jurisdiction, or it would be error. In this case there is no such adjudication ; nor is there any such averment in the petition.

In *State* v. *Pownal*, 10 Maine, 24, the same objection to the doings of the county commissioners was again presented and more fully considered. The petition appears to have been, in many respects, much more full and formal than the one presented to the county commissioners in this case. But with respect to the point we are now considering, both the petition and the adjudication of the county commissioners appear to have been identical with the ones presented in this case. It was there stated in the petition to the county commissioners, that the selectmen ' had refused ' to lay out the road prayed for, but it was not stated that they had ' unreasonably ' refused. The county commissioners there adjudged the way to be ' of common convenience and necessity,' but did not adjudge that the selectmen had ' unreasonably ' refused to lay it out. At least no such adjudication appeared in their record. So in this case. The petition states that the selectmen ' refused ' to act, but it does not state that they ' unreasonably ' refused. The adjudication of the county commissioners is that ' common convenience and necessity ' do not require the way prayed for in the petition. The adjudication of a majority of the appeal committee appointed by this court is in favor of the road prayed for ; but they do not adjudge that the selectmen of the town had ' unreasonably neglected or refused ' to lay it out. Upon this vital point the record is entirely silent, from beginning to end. The original petition neither avers, nor do the subsequent adjudications establish this vital jurisdictional fact. Nor are there facts enough stated from which the unreasonableness of the refusal could be inferred, if such an inference were proper. Of the nine men applied to to locate the road, only two are in favor of it. The presumption that majorities are more likely to be right than minorities, would seem to lead to the inference that the road is not needed. But as before stated, jurisdictional facts must not be left to inference. They must be averred directly and positively. *Bethel* v. *County Commissioners*, 42 Maine, 478.

It is claimed that there are fourteen other fatal errors in the proceedings, and in the records, in this case. But as the one al-

ready considered is fatal, we have not deemed it necessary to examine the others. One 'fatal' error must produce the same result as fifteen.

It is claimed in defense, however, that such an error can only be taken advantage of on a writ of *certiorari*. If the proceedings were closed,—in other words, if a final judgment had been rendered,—a writ of *certiorari* would be the proper remedy ; although, in cases of this description, where jurisdictional facts are omitted in the record, it has been held that the proceedings may be impeached collaterally. *Small* v. *Pennell*, 31 Maine, 267.

But when the proceedings have not been closed, and no final judgment has been rendered,—when, as in this case, the road has not in fact been located,—the proper course is to arrest further proceedings and quash what has already been done. It would be the height of folly to send the commissioners forward to locate and establish the road, and incur further expense, when it is seen for a certainty that in the end their proceedings will have to be quashed.

*Exceptions overruled.*

*Proceedings quashed.*

APPLETON, C. J.; KENT, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.